IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

     Plaintiff,

         v.                      Case No: 6:12-CV-286-ORL-36DAB

CENTURYTEL BROADBAND
SERVICES, LLC,

     Defendants.

_____/

**CENTURYTEL BROADBAND SERVICES, LLC'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT**

     COMES NOW Defendant CenturyTel Broadband Services, LLC ("CBSL"), and for

its Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent

Infringement ("Complaint") by Plaintiff Brandywine Communications Technologies, LLC

("Brandywine"), admits, denies, and alleges as set forth herein.

## INTRODUCTION

     1.     CBSL admits that the Complaint purports to state a claim for patent

infringement under Title 35 of the United States Code.  CBSL denies that it has committed

acts of patent infringement in this judicial district or elsewhere.

## PARTIES

     2.     CBSL is without knowledge sufficient to admit or deny the allegations of

Paragraph 2 of Brandywine's Complaint, and CBSL therefore denies them.

3.     CenturyLink, Inc. ("CLI") was dismissed from this action by stipulation on March 12, 2012.  Accordingly, no response to the allegations of Paragraph 3 is necessary.

4.     CBSL admits that it is a corporation organized and existing under the laws of Louisiana and having a principal place of business at 100 CenturyLink Drive, Monroe, LA 71203.  CBSL denies that it has one or more offices or facilities within this judicial district, but admits that it sells products and services in this judicial district and elsewhere in the United States.  CBSL denies that it has committed acts of patent infringement in this judicial district or elsewhere.  CBSL denies any remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.     CBSL admits that the Complaint purports to state a claim for patent infringement under Title 35 of the United States Code.  CBSL denies that it has committed acts of patent infringement in this judicial district or elsewhere.

6.     CBSL admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.     CBSL admits that it is subject to the personal jurisdiction of this Court.  CBSL further admits that it has transacted business in this district.  CBSL denies that it has directly or indirectly committed, contributed to, and/or induced acts of patent infringement in this judicial district or elsewhere.  CBSL denies any remaining allegations of Paragraph 7 that are directed to CBSL.    To the extent the allegations of Paragraph 7 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

8.     CBSL admits that venue is not necessarily improper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  However, CBSL specifically reserves the right to seek to transfer this case to a more appropriate venue.

**FIRST CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,828,657**
**(35 U.S.C. § 271)**

9.     CBSL incorporates its responses to Paragraphs 1 through 8 as though fully set forth herein.  To the extent the allegations of Paragraph 9 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

10.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 5,828,657 (the "'657 Patent"), entitled "Half Duplex Echo Canceler Training Using a Pilot Signal," is attached to the Complaint as Exhibit A.  CBSL further responds that the '657 Patent speaks for itself.  CBSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore denies them.

11.     CBSL admits that it had actual knowledge of the '657 Patent as of the service date of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 11 that are directed to CBSL.  To the extent the allegations of Paragraph 11 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

12.     CBSL denies the allegations of Paragraph 12 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 12 are directed to CLI, CLI

was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

13. CBSL denies the allegations of Paragraph 13 of Brandywine's Complaint that are directed to CBSL. To the extent the allegations of Paragraph 13 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

14. CBSL denies the allegations of Paragraph 14 of Brandywine's Complaint that are directed to CBSL. To the extent the allegations of Paragraph 14 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

15. CBSL denies the allegations of Paragraph 15 of Brandywine's Complaint that are directed to CBSL. To the extent the allegations of Paragraph 15 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

16. CBSL denies the allegations of Paragraph 16 of Brandywine's Complaint that are directed to CBSL. To the extent the allegations of Paragraph 16 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

17. CBSL denies the allegations of Paragraph 17 of Brandywine's Complaint that are directed to CBSL. To the extent the allegations of Paragraph 17 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**SECOND CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 7,894,472**
**(35 U.S.C. § 271)**

18.     CBSL incorporates its responses to Paragraphs 1 through 17 as though fully set forth herein.  To the extent the allegations of Paragraph 18 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

19.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 7,894,472 (the "'472 Patent"), entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," is attached to the Complaint as Exhibit B.  CBSL further responds that the '472 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny any remaining allegations of Paragraph 19 of the Complaint, and CBSL therefore denies them.

20.     CBSL admits that it had actual knowledge of the '472 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 20 that are directed to CBSL.  To the extent the allegations of Paragraph 20 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

21.     CBSL denies the allegations of Paragraph 21 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 21 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

22.     CBSL denies the allegations of Paragraph 22 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 22 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

23.     CBSL denies the allegations of Paragraph 23 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 23 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

24.     CBSL denies the allegations of Paragraph 24 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 24 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

25.     CBSL denies the allegations of Paragraph 25 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 25 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

26.     CBSL denies the allegations of Paragraph 26 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 26 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**THIRD CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 6,970,501**
**(35 U.S.C. § 271)**

27.     CBSL incorporates its responses to Paragraphs 1 through 26 as though fully set forth herein.  To the extent the allegations of Paragraph 27 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

28.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 6,970,501 (the "'501 Patent"), entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," is attached to the Complaint as Exhibit C.  CBSL further responds that the '501 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 28 of the Complaint, and CBSL therefore denies them.

29.     CBSL admits that it had actual knowledge of the '501 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 29 that are directed to CBSL.  To the extent the allegations of Paragraph 29 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

30.     CBSL denies the allegations of Paragraph 30 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 30 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

31.     CBSL denies the allegations of Paragraph 31 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 31 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

32.     CBSL denies the allegations of Paragraph 32 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 32 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

33.     CBSL denies the allegations of Paragraph 33 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 33 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

34.     CBSL denies the allegations of Paragraph 34 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 34 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

35.     CBSL denies the allegations of Paragraph 35 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 35 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**FOURTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,444,704**
**(35 U.S.C. § 271)**

36.     CBSL incorporates its responses to Paragraphs 1 through 35 as though fully set forth herein.  To the extent the allegations of Paragraph 36 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

37.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 5,444,704 (the "'704 Patent"), entitled "Dial Restoral Method and Apparatus," is attached to the Complaint as Exhibit D.  CBSL further responds that the '704 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 37 of the Complaint, and CBSL therefore denies them.

38.     CBSL admits that it had actual knowledge of the '704 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 38 that are directed to CBSL.  To the extent the allegations of Paragraph 38 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

39.     CBSL denies the allegations of Paragraph 39 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 39 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

40.     CBSL denies the allegations of Paragraph 40 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 40 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

41.     CBSL denies the allegations of Paragraph 41 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 41 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

42.     CBSL denies the allegations of Paragraph 42 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 42 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

43.     CBSL denies the allegations of Paragraph 43 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 43 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

44.     CBSL denies the allegations of Paragraph 44 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 44 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**FIFTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,206,854**
**(35 U.S.C. § 271)**

45.     CBSL incorporates its responses to Paragraphs 1 through 44 as though fully set forth herein.  To the extent the allegations of Paragraph 45 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

46.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 5,206,854 (the "'854 Patent"), entitled "Detecting Loss of Echo Cancellation," is attached to the Complaint as Exhibit E.  CBSL further responds that the '854 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 46 of the Complaint, and CBSL therefore denies them.

47.     CBSL admits that it had actual knowledge of the '854 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 47 that are directed to CBSL.  To the extent the allegations of Paragraph 47 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

48.     CBSL denies the allegations of Paragraph 48 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 48 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

49.     CBSL denies the allegations of Paragraph 49 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 49 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

50.     CBSL denies the allegations of Paragraph 50 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 50 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

51.     CBSL denies the allegations of Paragraph 51 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 51 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

52.     CBSL denies the allegations of Paragraph 52 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 52 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

53.     CBSL denies the allegations of Paragraph 53 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 53 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**SIXTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,251,328**
**(35 U.S.C. § 271)**

54.     CBSL incorporates its responses to Paragraphs 1 through 53 as though fully set forth herein.  To the extent the allegations of Paragraph 54 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

55.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 5,251,328 (the "'328 Patent"), entitled "Predistortion Technique for Communications Systems," is attached to the Complaint as Exhibit F.  CBSL further responds that the '328 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 55 of the Complaint, and CBSL therefore denies them.

56.     CBSL admits that it had actual knowledge of the '328 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 56 that are directed to CBSL.  To the extent the allegations of Paragraph 56 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

57.     CBSL denies the allegations of Paragraph 57 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 57 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

58.     CBSL denies the allegations of Paragraph 58 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 58 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

59.     CBSL denies the allegations of Paragraph 59 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 59 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

60.     CBSL denies the allegations of Paragraph 60 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 60 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

61.     CBSL denies the allegations of Paragraph 61 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 61 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

62.     CBSL denies the allegations of Paragraph 62 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 62 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

**SEVENTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,812,537**
**(35 U.S.C. § 271)**

63.     CBSL incorporates its responses to Paragraphs 1 through 62 as though fully set forth herein.  To the extent the allegations of Paragraph 63 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

64.     CBSL admits that what purports to be a true and correct copy of U.S. Patent No. 5,812,537 (the "'537 Patent"), entitled "Echo Canceling Method and Apparatus for Data over Cellular," is attached to the Complaint as Exhibit G.  CBSL further responds that the '537 Patent speaks for itself.  CBSL is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 64 of the Complaint, and CBSL therefore denies them.

65.     CBSL admits that it had actual knowledge of the '537 Patent as of the service of Brandywine's original Complaint, and as a result of receiving Brandywine's February 17, 2012 letter.  CBSL denies any remaining allegations of Paragraph 65 that are directed to CBSL.  To the extent the allegations of Paragraph 65 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

66.     CBSL denies the allegations of Paragraph 66 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 66 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

67.     CBSL denies the allegations of Paragraph 67 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 67 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

68.     CBSL denies the allegations of Paragraph 68 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 68 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

69.     CBSL denies the allegations of Paragraph 69 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 69 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

70.     CBSL denies the allegations of Paragraph 70 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 70 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

71.     CBSL denies the allegations of Paragraph 71 of Brandywine's Complaint that are directed to CBSL.  To the extent the allegations of Paragraph 71 are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

CBSL denies any and all remaining allegations contained in Brandywine's Complaint not expressly admitted herein. To the extent any remaining allegations are directed to CLI,

CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

## PRAYER FOR RELIEF

CBSL denies the allegations contained in the Prayer for Relief and further denies that Brandywine is entitled to any relief whatsoever against CBSL. To the extent the allegations contained in the Prayer for Relief are directed to CLI, CLI was dismissed from this action by stipulation on March 12, 2012, and therefore no response to such allegations is necessary.

## JURY DEMAND

CBSL admits that the Complaint sets forth a demand for a trial by jury. CBSL, likewise, demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the First Amended Complaint, CBSL alleges as follows:

### First Affirmative Defense

The asserted claims of U.S. Patent Nos. 5,828,657; 7,894,472; 6,970,501; 5,444,704; 5,206,854; 5,251,328; and 5,812,537 (collectively, "the Patents-in-Suit") are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and/or the rules, regulations and law pertaining thereto.

Second Affirmative Defense

Plaintiff's claims of infringement against CBSL regarding the Patents-in-Suit are barred and the Patents-in-Suit are unenforceable against CBSL due to the doctrines of laches, waiver, estoppel, and/or acquiescence.

Third Affirmative Defense

Plaintiff's enforcement of at least U.S. Patent No. 7,894,472 is barred, in whole or in part, by the doctrine of prosecution history laches.

Fourth Affirmative Defense

Plaintiff's requested relief is barred, in whole or in part, by the doctrine of patent exhaustion, the first-sale doctrine, license, and/or restrictions on double recovery.

Fifth Affirmative Defense / Reservation of Rights

On information and belief, Plaintiff's enforcement of the Patents-in-Suit and the terms under which it must be licensed may be limited and/or barred as a result of statements, proposals, representations, and related non-disclosures made by predecessors-in-interest to the Patents-in-Suit in connection with the standardization body for the various Digital Subscriber Line standards.  CBSL is investigating the facts relating to these events and will continue to do so throughout the discovery process.

Sixth Affirmative Defense / Reservation of Rights

CBSL is investigating the facts relating to the procurement of the Patents-in-Suit and the assertion of infringement against CBSL, and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in

connection with such matters, CBSL reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

## COUNTERCLAIMS

### THE PARTIES

1.    Defendant and Counterclaimant CBSL is a corporation organized and existing under the laws of the State of Louisiana and maintains its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana  71203.

2.    Upon information and belief, Plaintiff and Counterclaim-Defendant Brandywine Communications Technologies, LLC ("Brandywine") is a Delaware limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania  19085.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.    This Court has personal jurisdiction over Brandywine, which has availed itself of this Court by making in this Court claims of alleged infringement of U.S. Patent Nos.

5,828,657; 7,894,472; 6,970,501; 5,444,704; 5,206,854; 5,251,328; and 5,812,537 (collectively, "the Patents-in-Suit").

5.      Venue exists under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FIRST COUNT
**(Declaration of Non-Infringement)**

6.      CBSL repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

7.      Brandywine has brought a patent infringement action against CBSL.

8.      Brandywine has alleged that it is the owner by assignment of the Patents-in-Suit.

9.      Brandywine has alleged and continues to allege that CBSL has directly, by inducement, and/or contributorily infringed the Patents-in-Suit.

10.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Brandywine and CBSL concerning whether CBSL has infringed and is infringing any valid and enforceable claim of the Patents-in-Suit.

11.     CBSL does not infringe any valid and enforceable claim of the Patents-in-Suit.

12.     By virtue of the foregoing, CBSL desires a judicial determination of its rights and duties with respect to any alleged infringement of the Patents-in-Suit.

13.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT
### (Declaration of Patent Invalidity)

14.     CBSL repeats and incorporates by reference the preceding paragraphs of its Counterclaims as though fully set forth herein.

15.     Brandywine has brought a patent infringement action against CBSL.

16.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Brandywine and CBSL regarding invalidity of the claims of the Patents-in-Suit.

17.     Upon information and belief, the claims of the Patents-in-Suit are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

18.     By virtue of the foregoing, CBSL desires a judicial determination of its rights and duties with respect to the invalidity of the claims of the Patents-in-Suit.

19.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### JURY DEMAND

CBSL demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Brandywine's Complaint and having asserted Affirmative Defenses and Counterclaims, CBSL prays for judgment as follows:

A.      That this Court fully and finally dismiss Brandywine's claims against CBSL and order that Brandywine take nothing from CBSL;

B.      That this Court enter judgment and/or declarations that CBSL does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid and unenforceable against CBSL;

C.      That the Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding CBSL its attorneys' fees and prejudgment interest;

D.      That this Court award CBSL all of its costs of this action; and

E.      That this Court grant CBSL such other and further relief as the Court shall deem just and proper.

Dated: March 13, 2012

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200 (main)
Facsimile: 305.397.1874

  s/ Warren D. Zaffuto
Harvey W. Gurland, Jr., P.A.
Florida Bar No. 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

L. Norwood Jameson, Esq.
(*admitted pro hac vice* )
Matthew C. Gaudet, Esq.
(*admitted pro hac vice* )
David C. Dotson, Esq.
(*admitted pro hac vice* )
**DUANE MORRIS LLP**
1180 West Peachtree Street NW, Suite 700
Atlanta, GA  30309
Telephone:  404.253.6900
Facsimile:  404.420.2623

Joseph A. Powers
(*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  215.979.1000
Facsimile:  215.689.3797

*Counsel for Defendants CenturyLink, Inc. and*
*CenturyTel Broadband Services, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of March, 2012, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA, 255 S. Orange Ave – Suite 1401 PO Box 3791 Orlando, Florida 32802-3791.


  s/ Warren D. Zaffuto
   Warren D. Zaffuto