IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

    Plaintiff,

        v.                              Case No: 6:12-CV-286-ORL-36DAB

CENTURYTEL BROADBAND
SERVICES, LLC, AND QWEST
CORPORATION

    Defendants.

_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Defendants CenturyTel Broadband Services, LLC ("CBSL") and Qwest Corporation ("Qwest") (collectively, "Defendants"), and for their Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint for Patent Infringement ("Complaint") by Plaintiff Brandywine Communications Technologies, LLC ("Brandywine"), admit, deny, and allege as set forth herein.

**INTRODUCTION**

1.    Defendants admit that the Complaint purports to state a claim for patent infringement under Title 35 of the United States Code. Defendants deny that they have committed acts of patent infringement in this judicial district or elsewhere.

## PARTIES

2. Defendants are without knowledge sufficient to admit or deny the allegations of Paragraph 2 of Brandywine's Complaint, and Defendants therefore deny them.

3. CBSL admits that it is a corporation organized and existing under the laws of Louisiana and having a principal place of business at 100 CenturyLink Drive, Monroe, LA 71203. CBSL denies that it has one or more offices or facilities within this judicial district, but admits that it sells products and services in this judicial district and elsewhere in the United States. CBSL denies that it has committed acts of patent infringement in this judicial district or elsewhere. CBSL denies any remaining allegations of Paragraph 3.

4. Qwest denies that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1801 California Street, Suite 5100, Denver, CO 80202. Qwest denies that it has one or more offices or facilities within this juridical district and denies that it sells and offers to sell products and services in this judicial district. Qwest admits that it sells and offers to sell products and services elsewhere in the United States. Qwest denies that it has committed acts of patent infringement in this judicial district or elsewhere. Qwest denies any remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit that the Complaint purports to state a claim for patent infringement under Title 35 of the United States Code. Defendants deny that they have committed acts of patent infringement in this judicial district or elsewhere.

6. Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. CBSL admits that it is subject to the personal jurisdiction of this Court. CBSL further admits that it has transacted business in this district. Qwest denies that it has transacted business in this district, but states that it will not contest, for purposes of this litigation only, the assertion in the Complaint that this Court has personal jurisdiction over Qwest. Defendants deny that they have directly or indirectly committed, contributed to, and/or induced acts of patent infringement in this judicial district or elsewhere. Defendants deny any remaining allegations of Paragraph 7.

8. Defendants admit that venue is not necessarily improper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). However, Defendants specifically reserve the right to seek to transfer this case to a more appropriate venue.

**FIRST CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,828,657**
**(35 U.S.C. § 271)**

9. Defendants incorporate their responses to Paragraphs 1 through 8 as though fully set forth herein.

10. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 5,828,657 (the "'657 Patent"), entitled "Half Duplex Echo Canceler Training Using a Pilot Signal," is attached to the Complaint as Exhibit A. Defendants further respond that the '657 Patent speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore deny them.

11. Defendants admit that they had actual knowledge of the '657 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual

knowledge of the '657 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12 of Brandywine's Complaint.

13. Defendants deny the allegations of Paragraph 13 of Brandywine's Complaint.

14. Defendants deny the allegations of Paragraph 14 of Brandywine's Complaint.

15. Defendants deny the allegations of Paragraph 15 of Brandywine's Complaint.

16. Defendants deny the allegations of Paragraph 16 of Brandywine's Complaint.

17. Defendants deny the allegations of Paragraph 17 of Brandywine's Complaint.

**SECOND CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 7,894,472**
**(35 U.S.C. § 271)**

18. Defendants incorporate their responses to Paragraphs 1 through 17 as though fully set forth herein.

19. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 7,894,472 (the "'472 Patent"), entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," is attached to the Complaint as Exhibit B. Defendants further respond that the '472 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny any remaining allegations of Paragraph 19 of the Complaint, and therefore deny them.

20. Defendants admit that they had actual knowledge of the '472 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '472 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21 of Brandywine's Complaint.

22. Defendants deny the allegations of Paragraph 22 of Brandywine's Complaint.

23. Defendants deny the allegations of Paragraph 23 of Brandywine's Complaint.

24. Defendants deny the allegations of Paragraph 24 of Brandywine's Complaint.

25. Defendants deny the allegations of Paragraph 25 of Brandywine's Complaint.

26. Defendants deny the allegations of Paragraph 26 of Brandywine's Complaint.

**THIRD CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 6,970,501**
**(35 U.S.C. § 271)**

27. Defendants incorporate their responses to Paragraphs 1 through 26 as though fully set forth herein.

28. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 6,970,501 (the "'501 Patent"), entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," is attached to the Complaint as Exhibit C. Defendants further respond that the '501 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 28 of the Complaint, and therefore deny them.

29. Defendants admit that they had actual knowledge of the '501 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '501 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30 of Brandywine's Complaint.

31. Defendants deny the allegations of Paragraph 31 of Brandywine's Complaint.

32. Defendants deny the allegations of Paragraph 32 of Brandywine's Complaint.

33. Defendants deny the allegations of Paragraph 33 of Brandywine's Complaint.

34. Defendants deny the allegations of Paragraph 34 of Brandywine's Complaint.

35. Defendants deny the allegations of Paragraph 35 of Brandywine's Complaint.

**FOURTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,444,704**
**(35 U.S.C. § 271)**

36. Defendants incorporate their responses to Paragraphs 1 through 35 as though fully set forth herein.

37. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 5,444,704 (the "'704 Patent"), entitled "Dial Restoral Method and Apparatus," is attached to the Complaint as Exhibit D. Defendants further respond that the '704 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 37 of the Complaint, and therefore deny them.

38. Defendants admit that they had actual knowledge of the '704 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '704 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39 of Brandywine's Complaint.

40. Defendants deny the allegations of Paragraph 40 of Brandywine's Complaint.

41. Defendants deny the allegations of Paragraph 41 of Brandywine's Complaint.

42. Defendants deny the allegations of Paragraph 42 of Brandywine's Complaint.

43. Defendants deny the allegations of Paragraph 43 of Brandywine's Complaint.

44. Defendants deny the allegations of Paragraph 44 of Brandywine's Complaint.

**FIFTH CLAIM FOR RELIEF**
**ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,206,854**
**(35 U.S.C. § 271)**

45. Defendants incorporate their responses to Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 5,206,854 (the "'854 Patent"), entitled "Detecting Loss of Echo Cancellation," is attached to the Complaint as Exhibit E. Defendants further respond that the '854 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 46 of the Complaint, and therefore deny them.

47. Defendants admit that they had actual knowledge of the '854 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '854 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48 of Brandywine's Complaint.

49. Defendants deny the allegations of Paragraph 49 of Brandywine's Complaint.

50. Defendants deny the allegations of Paragraph 50 of Brandywine's Complaint.

51. Defendants deny the allegations of Paragraph 51 of Brandywine's Complaint.

52. Defendants deny the allegations of Paragraph 52 of Brandywine's Complaint.

53. Defendants deny the allegations of Paragraph 53 of Brandywine's Complaint.

## SIXTH CLAIM FOR RELIEF
## ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,251,328
### (35 U.S.C. § 271)

54. Defendants incorporate their responses to Paragraphs 1 through 53 as though fully set forth herein.

55. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 5,251,328 (the "'328 Patent"), entitled "Predistortion Technique for Communications Systems," is attached to the Complaint as Exhibit F. Defendants further respond that the '328 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 55 of the Complaint, and therefore deny them.

56. Defendants admit that they had actual knowledge of the '328 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '328 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57 of Brandywine's Complaint.

58. Defendants deny the allegations of Paragraph 58 of Brandywine's Complaint.

59. Defendants deny the allegations of Paragraph 59 of Brandywine's Complaint.

60. Defendants deny the allegations of Paragraph 60 of Brandywine's Complaint.

61. Defendants deny the allegations of Paragraph 61 of Brandywine's Complaint.

62. Defendants deny the allegations of Paragraph 62 of Brandywine's Complaint.

## SEVENTH CLAIM FOR RELIEF
### ALLEGED PATENT INFRINGEMENT OF U.S. PATENT NO. 5,812,537
### (35 U.S.C. § 271)

63. Defendants incorporate their responses to Paragraphs 1 through 62 as though fully set forth herein.

64. Defendants admit that what purports to be a true and correct copy of U.S. Patent No. 5,812,537 (the "'537 Patent"), entitled "Echo Canceling Method and Apparatus for Data over Cellular," is attached to the Complaint as Exhibit G. Defendants further respond that the '537 Patent speaks for itself. Defendants are without knowledge sufficient to admit or deny the remaining allegations of Paragraph 64 of the Complaint, and therefore deny them.

65. Defendants admit that they had actual knowledge of the '537 Patent as of the service date of Brandywine's original Complaint. CBSL admits that it has had actual knowledge of the '537 Patent as a result of receiving Brandywine's February 17, 2012 letter. Defendants deny any remaining allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66 of Brandywine's Complaint.

67. Defendants deny the allegations of Paragraph 67 of Brandywine's Complaint.

68. Defendants deny the allegations of Paragraph 68 of Brandywine's Complaint.

69. Defendants deny the allegations of Paragraph 69 of Brandywine's Complaint.

70. Defendants deny the allegations of Paragraph 70 of Brandywine's Complaint.

71. Defendants deny the allegations of Paragraph 71 of Brandywine's Complaint.

Defendants deny any and all remaining allegations contained in Brandywine's Complaint not expressly admitted herein.

**PRAYER FOR RELIEF**

Defendants deny the allegations contained in the Prayer for Relief and further deny that Brandywine is entitled to any relief whatsoever against Defendants.

**JURY DEMAND**

Defendants admit that the Complaint sets forth a demand for a trial by jury. Defendants, likewise, demand a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

For their affirmative defenses to the First Amended Complaint, Defendants allege as follows:

First Affirmative Defense

The asserted claims of U.S. Patent Nos. 5,828,657; 7,894,472; 6,970,501; 5,444,704; 5,206,854; 5,251,328; and 5,812,537 (collectively, "the Patents-in-Suit") are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and/or the rules, regulations and law pertaining thereto.

Second Affirmative Defense

Plaintiff's claims of infringement against Defendants regarding the Patents-in-Suit are barred and the Patents-in-Suit are unenforceable against Defendants due to the doctrines of laches, waiver, estoppel, and/or acquiescence.

### Third Affirmative Defense

Plaintiff's enforcement of at least U.S. Patent No. 7,894,472 is barred, in whole or in part, by the doctrine of prosecution history laches.

### Fourth Affirmative Defense

Plaintiff's requested relief is barred, in whole or in part, by the doctrine of patent exhaustion, the first-sale doctrine, license, and/or restrictions on double recovery.

### Fifth Affirmative Defense / Reservation of Rights

On information and belief, Plaintiff's enforcement of the Patents-in-Suit and the terms under which it must be licensed may be limited and/or barred as a result of statements, proposals, representations, and related non-disclosures made by predecessors-in-interest to the Patents-in-Suit in connection with the standardization body for the various Digital Subscriber Line standards. Defendants are investigating the facts relating to these events and will continue to do so throughout the discovery process.

### Sixth Affirmative Defense / Reservation of Rights

Defendants are investigating the facts relating to the procurement of the Patents-in-Suit and the assertion of infringement against Defendants, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Defendants reserve the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

# COUNTERCLAIMS

## THE PARTIES

1. Defendant and Counterclaimant CenturyTel Broadband Services, LLC ("CBSL") is a corporation organized and existing under the laws of the State of Louisiana and maintains its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.

2. Defendant and Counterclaimant Qwest Corporation ("Qwest") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1801 California Street, Suite 5100, Denver, CO 80202.

3. CBSL and Qwest are collectively referred to herein as "Defendants."

4. Upon information and belief, Plaintiff and Counterclaim-Defendant Brandywine Communications Technologies, LLC ("Brandywine") is a Delaware limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 *et seq.*, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

6. This Court has personal jurisdiction over Brandywine, which has availed itself of this Court by making in this Court claims of alleged infringement of U.S. Patent Nos.

5,828,657; 7,894,472; 6,970,501; 5,444,704; 5,206,854; 5,251,328; and 5,812,537 (collectively, "the Patents-in-Suit").

7. Venue exists under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FIRST COUNT
### (Declaration of Non-Infringement)

8. Defendants repeat and incorporate by reference the preceding paragraphs of their Counterclaims as though fully set forth herein.

9. Brandywine has brought a patent infringement action against Defendants.

10. Brandywine has alleged that it is the owner by assignment of the Patents-in-Suit.

11. Brandywine has alleged and continues to allege that Defendants have directly, by inducement, and/or contributorily infringed the Patents-in-Suit.

10. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Brandywine and Defendants concerning whether Defendants have infringed and are infringing any valid and enforceable claim of the Patents-in-Suit.

11. Defendants do not infringe any valid and enforceable claim of the Patents-in-Suit.

12. By virtue of the foregoing, Defendants desire a judicial determination of their rights and duties with respect to any alleged infringement of the Patents-in-Suit.

13. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT
### (Declaration of Patent Invalidity)

14. Defendants repeat and incorporate by reference the preceding paragraphs of their Counterclaims as though fully set forth herein.

15. Brandywine has brought a patent infringement action against Defendants.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Brandywine and Defendants regarding invalidity of the claims of the Patents-in-Suit.

17. Upon information and belief, the claims of the Patents-in-Suit are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or the rules, regulations and law pertaining thereto.

18. By virtue of the foregoing, Defendants desire a judicial determination of their rights and duties with respect to the invalidity of the claims of the Patents-in-Suit.

19. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Brandywine's Complaint and having asserted Affirmative Defenses and Counterclaims, Defendants pray for judgment as follows:

A. That this Court fully and finally dismiss Brandywine's claims against Defendants and order that Brandywine take nothing from Defendants;

B. That this Court enter judgment and/or declarations that Defendants do not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid and unenforceable against Defendants;

C. That the Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Defendants their attorneys' fees and prejudgment interest;

D. That this Court award Defendants all of its costs of this action; and

E. That this Court grant Defendants such other and further relief as the Court shall deem just and proper.

Dated: April 12, 2012

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200 (main)
Facsimile: 305.397.1874
  s/ Harvey W. Gurland, Jr., P.A.
Harvey W. Gurland, Jr., P.A.
Florida Bar No. 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

L. Norwood Jameson, Esq.
(*admitted pro hac vice*)
Matthew C. Gaudet, Esq.
(*admitted pro hac vice*)
David C. Dotson, Esq.
(*admitted pro hac vice*)
**DUANE MORRIS LLP**
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.420.2623

>Joseph A. Powers
>(*admitted pro hac vice*)
>**DUANE MORRIS LLP**
>30 South 17th Street
>Philadelphia, PA 19103-4196
>Telephone: 215.979.1000
>Facsimile: 215.689.3797
>
>*Counsel for Defendants and CenturyTel Broadband Services, LLC and Qwest Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of April, 2012, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to Brian R. Gilchrist, Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA, 255 S. Orange Ave – Suite 1401 PO Box 3791 Orlando, Florida 32802-3791.

>  s/ Harvey W. Gurland, Jr.
>    Harvey W. Gurland, Jr.