**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTURYTEL BROADBAND SERVICES, LLC and QWEST CORPORATION,<br><br>    Defendants. | Action No. 6:12-cv-00286-CEH-DAB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC'S UNOPPOSED MOTION TO TEMPORARILY STAY PENDING DECISION BY THE JOINT PANEL ON MULTIDISTRICT LITIGATION**

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine") respectfully moves this Court for a temporary stay of this case until resolution of Brandywine's Motion before the Joint Panel on Multidistrict Litigation ("JMPL").  As set forth in the co-filed Memorandum, the requested stay is warranted to allow for maximum coordination among the cases after consolidation, and in particular to reduce the substantial burdens on third parties that would result in the absence of coordination.

In the alternative, Brandywine and Defendants seek the Court's permission to file a more limited continuance of certain upcoming dates.

**MEMORANDUM**

I. **INTRODUCTION**

This lawsuit is the "lead" case of over forty cases on the same set of patents and same basic technology throughout the country. Recently, Plaintiff Brandywine moved the Joint Panel on Multidistrict Litigation to consolidate all of the cases for pretrial purposes. Brandywine respectfully moves this Court for a temporary stay of this case until resolution of Brandywine's MDL Motion before the JMPL. Although this Motion is unopposed, Brandywine appreciates the Court's management of its docket and the impact of the requested stay, and thus provides here a full exposition of the reasons for the requested stay. Brandywine also remains available at the Court's convenience if the Court would like additional information to evaluate the Motion.

A stay here would allow this Court (or another court) to take full advantage of coordination between this case and many other cases that would be joined together in the MDL. The same patents and accused DSL services are involved in every one of those cases, and coordination of discovery and additional pretrial issues will result in tremendous efficiencies for the courts and parties. Brandywine is concurrently moving for stays in those other cases to allow maximum benefit from coordination within the MDL.

Significantly, all these cases involve numerous third parties with relevant information that is common across virtually all the cases. The third parties include the inventors on the six patents in suit, as well as many equipment suppliers of the defendants across the 41 cases. Absent a stay, each of the third parties would be subject to an upcoming document production and deposition in this case, and then have to do subsequent document productions and depositions for later cases. In contrast, staying all of the pending cases, including the present action, until the cases are consolidated into an MDL, would substantially reduce the burdens on

these many third parties. Staying this case now also would allow the defendants in the later cases to fully participate in resolving common issues among all the cases.

In view of the foregoing, Brandywine respectfully requests a temporary stay of this case, until the JPML issues its decision regarding Brandywine's MDL motion. After the cases are transferred, the parties and the presiding court can formulate an efficient, coordinated schedule for pretrial matters, and in particular third party discovery.[1]

## II.    FACTUAL BACKGROUND

This case was originally filed on August 12, 2011 against four Defendants: CenturyLink, Inc. (later substituted by CenturyTel Broadband Services, LLC and Qwest Corporation) ("CenturyLink"), Verizon Communications Inc. (later substituted by Verizon Online LLC) ("Verizon"), AT&T Inc. (later substituted by SBC Internet Services Inc. and AT&T Corp.) ("AT&T"), and EarthLink Inc. ("EarthLink"). Each Defendant was accused based on its provision of digital subscriber line ("DSL") services. The Court *sua sponte* ordered that the original case be dismissed and re-filed as four separate actions. Brandywine complied, and subsequent to that re-filing two of the Defendants, Verizon and AT&T, were transferred to other judicial districts. In November, 2012, both Verizon and EarthLink were dismissed as part of a settlement involving a number of different patent lawsuits and parties. That settlement left CenturyLink and AT&T as the remaining DSL defendants. CenturyLink was the lone DSL Defendant in this Court, with AT&T in the Northern District of California (on a schedule that lags this case by approximately six months).

---

[1] If the Court is not inclined to grant the stay at this time, the parties request the opportunity to submit a proposed schedule for a limited continuance of certain dates. This continuance would not achieve the purpose of eliminating duplicative third party discovery, but would allow the parties time for further discovery and preparation of expert reports.

3

In December 2012, Brandywine filed a number of other cases against regional DSL providers. Following various early procedural activities and settlements, 39 of those "second round" cases remain. All of the second round cases are in early stages. None has entered into substantial discovery at this time.

In the present case before this Court, the parties are due to exchange opening expert reports on June 3, 2013. Rebuttal expert reports are due on July 1, 2013. Fact discovery, however, does not close until August 2, 2013.

Both parties are currently conducting discovery. Importantly, neither party has taken substantial third party discovery; the vast majority of that work is yet to come. Specifically, Brandywine has issued 14 subpoenas to Defendants' equipment suppliers. Thus far, only four have produced documents. None of the third party supplier depositions have taken place, but are instead on hold pending production of documents and are expected to happen over the next weeks absent further delays in document production. Likewise, CenturyLink has noticed depositions of all seven named inventors. None of those has yet taken place; they are also scheduled over the next several weeks.

Given the early stage of each of the "second round" cases, all third party discovery likewise remains outstanding in those cases. Theoretically, each of the defendants will have an independent opportunity to depose the inventors on each patent, along with any prior art witnesses, and perhaps other third parties. Similarly, Brandywine theoretically will have an opportunity in each of these separate cases to conduct third party discovery of its own, including discovery of the various equipment suppliers. Of course, all of that discovery should be coordinated in a manner that minimizes the burdens on the many third parties, and on any Courts that may have to decide motions to quash or limit subpoenas. Because almost none of the third

party discovery has been conducted in any action, including this one, the opportunity remains to implement exactly that type of coordination and to fully realize its efficiencies.

In this regard, on May 16, 2013, Brandywine began that process by filing a motion with the JPML to consolidate the 41 DSL cases currently pending around the country involving the same six patents-in-suit as this case. (*See* Ex. A.) Briefing on the MDL motion is scheduled to be completed on June 14, 2013, and a ruling is expected sometime after the next hearing session on July 25, 2013. Given the commonality between these cases—they all involve the same set of patents and the same types of DSL services—consolidation of the cases for pretrial proceedings is very likely. At that point, Brandywine and the various defendants will confer and work with the transferee Court to enter a coordinated schedule for all party discovery, third party discovery, and remaining pretrial proceedings.

In the meantime, Brandywine is moving in each of the DSL cases to stay proceedings until the JPML rules on the MDL motion. Most of those motions are straightforward given the early stages of each case. This case presents different issues, because it is further along. Brandywine submits, however, that only by staying this case with the others, pending the MDL ruling, will the full efficiencies of consolidation be achieved. This is particularly true with respect to the third parties, many of whom are currently under document subpoenas, and who must sit for deposition soon absent a stay.

Likewise, the parties to this case are taking two steps to ensure that a stay does not enlarge the scope of the case: (1) concurrently with the filing of this Motion, Brandywine and Defendants have entered into a stipulation that will narrow the scope of the case; and (2) Brandywine hereby agrees and represents to the Court that it will not seek to amend its

infringement contentions in this case to cover any new products or services not currently accused or any new theories of infringement regarding any currently accused products and services.

## III. DISCUSSION

### A. Legal Standard

This Court has the authority to stay this action pending the JPML decision. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also* 7B C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1792, at 10 (3d ed. 2005) ("When similar actions, either class or individual, are proceeding before several courts, one or more of the tribunals may stay the proceeding before it pending the outcome of the other action.").

### B. Continuing the Deadlines Would Allow for Maximum Coordination When the Other Related Cases Are Consolidated

A stay of this case would allow the court to which the 40 cases are transferred to better coordinate the related cases once they are consolidated. Indeed, the possibility of coordination is one of the primary reasons for consolidation. The same patents and accused DSL services are involved in every one of those cases, and coordination of discovery and additional pretrial issues will result in tremendous efficiencies for the courts and parties.

In particular, these cases involve numerous third parties with relevant information that is common to virtually all the cases. These third parties include the inventors on the six patents in suit, as well as the many equipment suppliers to the defendants. Staying these cases until coordination can take place would substantially reduce the burdens that would be otherwise placed on these third party witnesses.

6

In addition, coordination would also allow the court presiding over these cases to decide common issues as they come up together. For instance, if there is an affirmative defense that is applicable to multiple cases, that defense should be litigated in front of single judge, with all interested parties present. This approach not only promotes judicial economy, but also avoids any possibility of inconsistent rulings.

Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). A stay is particularly appropriate in this situation because the very "purpose of such [MDL] transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Id.* at 809; *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("[c]onsistency as well as economy is thus served" by resolution of common issues by one transferee court); *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (finding the benefit of an MDL is to place all related actions before one judge who can structure pretrial proceedings to consider all parties' needs while ensuring that duplicate activity does not occur).

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; *see also Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421 (D.N.J. 2003); *Smith v. Mail Boxes, Etc., Inc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002); *Medical Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582

(D. Md. 2001); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000); *Brault v. Merck & Co., Inc.*, 2006 WL 3924223 (S.D. Cal. 2006); *Nekritz v. Canary Capital Partners, LLC*, 2004 WL 1462035, at *2 (D.N.J. 2004) ("An immediate stay will permit the most efficient possible use of the courts' and the parties' resources."); *Mailblocks, Inc. v. Spam Arrest, LLC*, 2003 WL 23325432 (W.D. Wash. 2003); *Republic of Venezuela ex rel. Garrido v. Philip Morris Cos.*, 1999 WL 33911677 (S.D. Fla. 1999); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762 (E.D. Pa. 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725 (D.N.J. 1991).

Although this case is further along than the other DSL cases, the same rationale applies here. In order to realize the benefits of the MDL process, this case should be temporarily stayed until the consolidation occurs. Indeed, it is particularly important that this case be stayed, so that duplicative discovery of numerous third parties can be avoided. Absent a stay here, multiple inventors and equipment suppliers will almost certainly to subjected to iterative document collection and multiple depositions each. It is this type of inefficiency that the JPML looks to prevent when granting MDL motions, and that courts look to avoid when staying cases pending the decision by the JPML.

Accordingly, Brandywine respectfully submits that a stay is appropriate here. Again, CenturyLink does not oppose Brandywine's request.[2]

---

[2] If the Court is not inclined to grant the stay at this time, the parties request the opportunity to submit a proposed schedule for a limited continuance of certain dates. This continuance would not achieve the purpose of eliminating duplicative third party discovery, but would allow the parties time for further discovery and preparation of expert reports.

## IV.   CONCLUSION

In view of these circumstances, Brandywine respectfully requests that the Court order a temporary stay of this case, until the JPML issues its decision on Brandywine's MDL motion. If the JPML elects to consolidate the cases in this District, the parties and the Court may convene for discussion of a schedule for further proceedings.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned counsel certifies that counsel for Brandywine has contacted counsel for Defendants and is authorized to represent that Defendants do not oppose the relief sought in this Motion.

Respectfully submitted,

Dated:  May 29, 2013

/s/ *Tim Devlin*
Tim Devlin
(Admitted *Pro Hac Vice*)
Lei Sun
(Admitted *Pro Hac Vice*)
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX 78626
Telephone: (512) 582-2831
Facsimile: (512) 582-2829
tdevlin@farneydaniels.com
lsun@farneydaniels.com

*Attorneys for Plaintiff*
*Brandywine Communications Technologies, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on counsel of record by the CM/ECF system on this 29th day of May 2013.

>                           */s/ Tim Devlin*
>                           Tim Devlin